ELIZABETH D. MYERS ET AL. v. MARY J. MARTINEZ ET AL.

[48 South. 291.]

1. ESTATES OF DECEDENTS. *Executors and administrators. Ancillary grant of letters. Non-residence. Suits on bond.*

Jurisdiction of their persons being obtained, a non-resident executor and the sureties on his bond given in this state, upon the grant to him of ancillary letters testamentary, are subject to suit in the courts of this state for a breach of the bond.

2. SAME. *Bank stock. Bank permitting executor to sell. Creditors.*
   A bank is not liable to the creditors of a deceased stockholder for
   permitting his executor to sell the shares of its capital stock
   belonging to him at the time of his death, although informed
   at the time that the administration of his estate had not been
   closed.

FROM the chancery court of Jackson county.

HON. THADDEUS A. WOOD, Chancellor.

Mrs. Martinez and others, appellees, were complainants in
the court below; Mrs. Myers and others, appellants, were de-
fendants there. From a decree overruling defendants' demur-
rers to the bill of complaint they appelled to the supreme court.

The bill of complaint charged that Mrs. Myers, a citizen of
Alabama, had been appointed by the proper court of that state
the executrix of her deceased husband's will, the husband being
a resident of that state at the time of his death; that she was
granted by the chancery court of Jackson county, Mississippi,
ancilliary letters testamentary of said will and that the defend-
ant Jane, a surety on the bond of Mrs. Myers, given in this
state on the grant to her of the ancillary letters testamentary,
was an officer of the Merchants & Marine Bank, and that the
bank, having knowledge that the administration was a pending
one, permitted the administratrix to sell the shares or its capital
stock belonging to the deceased at the time of his death.

The other facts are stated in, or can be clearly inferred from,
the opinion of the court.
that the property is of an intangible nature renders it incapable
of having any actual location of its own, and the law locates it
upon the person of the owner. The very neat and accurate
definition of Mr. Williams wherein he calls such property "in-
corporeal personal property" is determinative of this point.

*Fitts & Leigh,* for appellant, Elizabeth D. Johnson.

The certificates of stock being intangible property, followed
the person of the owner, and were presumed in law to be about
his person in the state of Alabama when he expired. The fact

Williams on Personal Property, 191; 1 Cook on Corporations, § 12; *State v. Kidd,* 125 Ala. 421, affirmed on appeal, 188 U. S. 730; *Pleasanton v. Johnson,* 91 Md. 673, 47 Atl. 1025; *Boyd v. City of Selma,* 96 Ala. 144, 16 L. R. A. 729; Desty on Taxation, vol. 1, p. 329; *Soward v. Rising Sun City,* 79 Ind. 351; *Murray v. Charleston,* 96 U. S. 432.

The situs of the stock for the purpose of administration was in the state of Alabama. *Rockwell v. Bradshaw,* 34 Atl. 758.

"The executors in the state of the decedent may transfer the stock of the estate, and convey a title which the purchaser of the certificate may require the corporation to recognize, although the corporation itself is domiciled in another state." 1 Cook on Corporations, § 329; *Middlebrook v. Merchants Bank,* 3 Keyes (N. Y.) 135; *Luce v. Manchester, etc., R. Co.,* 63 N. H. 588; *Hobbs v. Western National Bank,* 12 Fed. Cas. 265; *In re Cape May, etc., Co.,* 16 Atl. 191.

"A domiciliary representative may assign shares of stock in a foreign corporation belonging to the estate, and no local grant of administration is necessary to compel a transfer on the books of the corporation." 18 Cyc. 1231, and cases cited in notes.

It will be accepted as a generally accurate proposition that the administration granted at the domicile of the testator is the principal administration, and that any administration appointed through the courts of, or under the laws of any foreign country or state is ancillary in its nature; the object of such ancillary representation being to gather the assets of the estate happening to be found in the foreign state or country, convert them into money, paying therefrom all debts due to, or enforceable in favor of the citizen of the foreign state or country, and after this purpose has been accomplished, remitting the residue resulting from such ancillary proceeding to the corpus of the estate as in process of administration by the principal or main personal representative holding letters testamentary in the state or country in which the testator was domiciled at the time of his death. Or, to state the same proposition somewhat dif-

ferently, the title of a domiciliary representative differs from
that of an ancillary representative in that the title of the
domicilary representative extends to all of the descendant's per-
sonal property, wherever situated; but in order to make this title
effective compliance with the laws of a foreign state in which a
moiety of the descendant's personal estate is found oftentimes
requires an ancillary representative in such foreign jurisdiction;
and the title of such ancillary representative is limited strictly
to the collection and reduction of the assets within the jurisdic-
tion of his appointment. In other words the title of a domi-
ciliary representative is commensurate with the title which the
owner had while living. Quite to the contrary, the title of
the ancillary representative is limited to the purpose for which
the secondary proceeding is sued out; and while in this case
the appointment of a representative in Mississippi was necessary
in order to make sale of the small amount of personal estate
belonging to Johnson found in that jurisdiction, the object and
purpose of the administration in Mississippi was merely to gain
possession of, and reduce, the property found there, and not to
conflict with the distribution of property left by the decedent in
the state of Alabama and legally subject to distribution in that
state.

In the case at bar there was no intestacy as to any part of the
estate of Johnson. He left all of his property, wherever situ-
ated, to his wife, Elizabeth D. Johnson, and the property sued
about, as has been shown, *supra,* being intangible personal
property, was situated with him when he died, and *non constat*
has been set aside to the wife, not only by virtue of the terms of
the will, but by the statute of Alabama allowing the widow an
exemption of personal property with a perfect title thereto.
We call particular attention to the fact that the testator, John-
son, did not die intestate with respect to any of his property,
for the reason that in 1873 when the supreme court of Missis-
sippi was called upon to make comment upon the statute re-
ferred to, and to the distinction pointed out and relied upon

by us, the court, through SIMRALL, J., in the case of *Wilson v. Cox et al.*, 49 Miss. 543, made use of the following words: "It repealed the old law which distributes an intestate's estate, domiciled abroad according to the law of that state and enacted that, notwithstanding the domicile of the decedent may have been in another state, distribution shall be according to the law of this state. The effect of the statute is to subject the property, real and personal, of every intestate decedent to the local law for the rule of distribution, and the same rule applies where there has been intestacy as to only part of the estate." This case further recognizes the salutory proposition that a will which disposes of property situated in two states must be given a uniform effect, and that this can only be accomplished by following the construction which pertains to the forum of the domicile, thus clearly recognizing that where, as in this case, the property was situated in Alabama, the deceased being a resident of Alabama, and domiciled there, that the property passed under the will according to the rules of construction and distribution administered in the courts of Alabama.

The order requiring William C. Fitts to be made a party defendant to the bill seems to us to be an anomaly. The bill itself suggests that William C. Fitts purchased the stock for value, and no relief whatsoever is sought or prayed against him.

The equity of the bill so far as it is directed against the bank proceeds upon the idea that an officer of the bank was on the bond of the ancillary executrix, and therefore ought to have known something which did not exist, viz: that the bank stock was in Mississippi, and for that reason the bank made itself liable by committing a wrong for which it is answerable.

*Ford, White & Ford,* for appellant, Merchants & Marine Bank.

The court below practically decided that there was no ground of action against this bank, by not deciding its legal liability on the demurrer filed by the bank, and held as the decree shows, that the bank would be held as a buffer or bridge in

this case, not because it was liable to the complainants under the bill filed, but because the court feared that if it dismissed the suit as to the bank, that the question at issue between these Alabama complainants and Mrs. Elizabeth D. Myers, could not be tried and disposed of in the state of Mississippi.

The bank in this case did nothing more than every corporation does when a person holding the legal title to a certificate of stock, comes along and makes a transfer to another person of his shares. It simply recorded this sale from Mrs. Myers to Fitts, and issued a new certificate instead of the old. It is not even suggested that Fitts is insolvent, or that any possible damage or loss could result even though these complainants had a legal interest in this particular stock, and we now ask how could any person who held the legal title to this stock possibly be injured by a transfer to another person who is perfectly solvent. Nothing has been placed out of reach, and if the sale is unlawful as alleged in this bill, the stock can be reached in the hands of the purchaser just as easily as if it were in the hands of Mrs. Myers.

*H. B. Everitt,* for appellees.

This suit is prosecuted under authority of *Winn v. Barnett,* 31 Miss. 653; *Hamilton v. Miss. Col.,* 52 Miss. 65; and *Jones v. Patty,* 73 Miss. 179, 18 South. 794; *Patty v. Williams,* 71 Miss. 837, 14 South. 43; *Ellis v. McGee,* 63 Miss. 168.

The Merchants & Marine Bank is sued for breach of trust in being a party to the wrongful transfer of this stock with notice of the trust through such knowledge as was possessed by its officer Jane, surety of the bond of the executrix as well as the records of administration proceedings showing a deliberate secretion and withholding of the stock from administration. *Johnson v. Amberson* (Ala.) 37 South. 273; 1 Cook on Corporations (4th ed.) § 398; *Shaw v. Spencer,* 100 Mass. 382; 7 Am. Rep. 115, 97 Am. Dec. 107, and note; *Mobile, etc., R. Co. v. Humphries* (Miss.) 7 South. 522; 10 Cyc. 622 d (III).

The citus of bank stock for administration is the domicile of

the corporation under the laws of Alabama and Mississippi. *Grayson v. Roberson* (Ala.) 25 South. 229; *Jones v. Warren,* 70 Miss. 227, 14 South. 25; 2 Beach on Private Corporations, § 633.

MAYES, J., delivered the opinion of the court.

This is a suit on the bond of Mrs. Myers for a failure to account to the court for certain personal property coming into her possession as executrix of the estate of Charles L. Johnson, deceased. It is claimed that this personal property had its situs in Jackson county, state of Mississippi, at which place letters of executorship were granted to Mrs. Myers and a bond duly executed, with one J. A. Miller and her codefendant, E. J. Jane as sureties. E. J. Jane resides in Jackson county, where this suit was instituted. It is charged in the bill and admitted by the demurrer that Mrs. Myers breached her bond by failing to report to the court in which the administration of the estate was conducted twelve shares of stock owned by her deceased testate in the Merchants' & Marine Bank in Jackson county, being of considerable value, and that she wrongfully, falsely, and fraudulently concealed from the court the fact of the existence of the stock, and procured the estate of her testate to be declared insolvent, appropriating to her own use the stock, collecting dividends thereon, which she also appropriated to her own use, finally selling the stock, and appropriating the proceeds thereof, without ever accounting to the court. The bill shows that at the time this was done the estate was largely indebted to complainants, whose debts have been rendered worthless by this act of the executrix.

If the facts are true, and this is admitted in the present attitude of the pleading, the courts of this state undoubtedly have jurisdiction to grant relief. The bill charges that the administration of the estate, so far as it involved property within this state, was undertaken here. The bond was filed and approved in the proper court of this state, and it became the duty of the

executrix to fully administer all the property located here and pay all debts, in so far as the property would go. The debts of complainants were incurred here and probated in the proper court of this state. It is our view that the court below properly overruled the demurrers filed by E. J. Jane and Mrs. Myers, and the court's action is affirmed as to this, and cause remanded But we do not think any liability is shown on the part of the Merchants' & Marine Bank; hence the case is reversed, and the bill dismissed, as to the bank.

*Affirmed* in part, *reversed* in part.